IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| REBECCA STRONG, DARRELL LYNN BYERS, MICHAEL A. YONALLY, and DONALD L. PETERSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF EUGENE, OFFICER SHAWN R. TROTTER (Badge #334), SERGEANT WILLIAM SOLESBEE (Badge #311), DETECTIVE DAVE BURROUGHS, and JOHN DOES #1-10,<br><br>    Defendants. | Case No. 6:14-cv-01709-AA<br>OPINION AND ORDER |

Marianne G. Dugan
Brian L. Michaels
259 East 5th Avenue, Suites 200-D/300-D
Eugene, Oregon 97401
    Attorneys for plaintiffs

Benjamin J. Miller
City of Eugene
125 East 8th Avenue, 2nd Floor
Eugene, Oregon 97401
    Attorney for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs Rebecca Strong, Darrell Byers, Michael Yonally, and Donald Peterson move to file an amended complaint pursuant to Fed. R. Civ. P. 15. For the reasons set forth below, plaintiffs' motion is denied.

## DISCUSSION

On October 28, 2014, 2007, plaintiffs filed a complaint in this Court against defendants the City of Eugene, Shawn Trotter, William Solesbee, Dave Burroughs, and ten John Does, asserting claims under 42 U.S.C. § 1983 and state law arising out of the execution of an allegedly invalid search warrant "[i]n the early morning hours of January 11, 2013." Compl. ¶ 13. Although not formally named as defendants, plaintiffs alleged that the following 25 officers "participated" in the deprivation of their rights and therefore may be subject to liability: "Vinje, McAlpine, Pope, Sergeant T. Martin, Officer Casey, Mainard, Led Better, Evans, San Miguel, Hoernlein, Griesel, Sharlow, Warden, Hubbard, Kidd, Wolgamott, Froelich, Parr, Anderson, McCormick, Conner-Jones, K. Williams, Rathje, [and] Grose." Id. at ¶¶ 9-10.

On February 25, 2015, plaintiffs filed the present motion to amend, seeking "solely to substitute for the 'John Doe' defendants the names of the actual participants on the SWAT raid" - i.e. the 25 individuals listed in paragraph nine of original complaint. Pls.' Mot. Am. 2; Proposed Am. Compl. ("PAC") pg. 1.

Page 2 - OPINION AND ORDER

## STANDARD

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion [to amend]." Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

## DISCUSSION

Defendants contend that plaintiffs failed to confer as required by LR 7-1. In addition, defendants argue that the proposed amendments are futile because they do not relate back to plaintiffs' original complaint, as the additional defendants[1] neither had notice of that pleading nor were omitted therefrom by mistake. Plaintiffs assert, to the contrary, that the PAC is timely because they were "'mistaken' in that they did not know which

---

[1] As defendants observe, it is "unclear [whether plaintiffs] are attempting to substitute 25 defendants for the 10 John Does, add 25 defendants and dismiss the 10 John Does, or substitute 10 and also add 15 defendants." Defs.' Surreply to Mot. Am. 3-4. Irrespective of their status, the Court refers to these 25 individuals as the "additional defendants."

Page 3 - OPINION AND ORDER

specific officers did the handcuffing, property damage, and other wrongful acts."[2] Pls.' Reply to Mot. Am. 4.

I. Compliance With the Local Rules

The moving party must certify in the first paragraph of any motion that he or she made "a good faith effort" to resolve the matter via "personal or telephone conferences" and was unable to do so, or, alternatively, that "[t]he opposing party willfully refused to confer." LR 7-1(a)(1). The court "may" deny any motion that "fails to meet [the] certification requirement." LR 7-1(a)(2).

In this case, plaintiffs' counsel did not comply with either the spirit or the letter of the Local Rules. On January 12, 2015, plaintiffs' counsel sent an email soliciting defendants' counsel's "position on moving to amend to ad Scott Vinje as a named defendant." First Miller Decl. Ex. 1. Defendants' counsel responded the following day that he "would need to see the amended complaint

---

[2] Plaintiffs also argue that their claims are timely because "'John Doe' pleading is explicitly allowed under Oregon law." Pls.' Reply to Mot. Am. 4 (citing Or. R. Civ. P. 20H). However, it is well-established "that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Even accepting that the Oregon Rules of Civil Procedure were relevant to these proceedings, Or. R. Civ. P. 20H is inapplicable because, as discussed herein, plaintiffs were not ignorant of the names of the additional defendants. See Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1202 (9th Cir. 2014) ("because Butler was not ignorant of the appellees' names or identities at the time the original complaint was filed, those amendments do not relate back under [the California equivalent of Or. R. Civ. P. 20H]").

Page 4 - OPINION AND ORDER

first . . . but it seems time-barred." Id. On February 24, 2015, when the parties were discussing the possible extension of discovery deadlines, plaintiffs requested that defendants stipulate to allowing them until the end of discovery to amend the complaint "to add defendants to replace the John Does." First Miller Decl. Ex. 2, at 2. Defendants' counsel declined: "I've though a lot about this because I'd like to find ways to make this case less complicated and adversarial, but I can't agree to extend the deadline to amend pleadings [as] I disagree with your analysis of the law surrounding john does and relation back." Id. at 1. Plaintiffs' counsel then informed defendants' counsel that she would "file a motion to amend naming all of the 2 dozen or so officers who participated." Id. Without further discussing the matter with defendants, plaintiffs filed their motion to amend on February 25, 2015.

Thus, as defendants note, plaintiffs' counsel "never provided a proposed amended complaint, never called defense counsel, never disclosed who the defendants would be, what the claims would be, or provided defense counsel any opportunity to discuss why plaintiffs felt the need to make this case so unnecessarily complex . . . [she] simply announced what she intended to do [and then] remain[ed] silent for a day and a half [before filing] her motion at midnight on the day it was due." First Miller Decl. ¶ 4. Ordinarily, the Court would deny plaintiffs' motion without

Page 5 - OPINION AND ORDER

prejudice under these circumstances. However, following such a procedure is unlikely to a represent an efficient expenditure of both the Court's and the parties' time; defendants raised this matter in their opposition and were granted leave to file a surreply to respond to, amongst other things, plaintiffs' assertion that LR 7-1 was met. As a result, both the underlying motion and issues related to conferral are fully briefed, such that no benefit would be obtained by denying plaintiffs' motion on this basis.

II. <u>Relation Back</u>

It is undisputed that plaintiffs' cause of action arose on January 11, 2013. Compl. ¶ 13; PAC ¶ 13; Bergquist Decl. Ex. 1. It is also undisputed that plaintiffs' complaint was filed prior to January 11, 2015. <u>See</u> <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2004) (42 U.S.C. § 1983 claims are subject to a two year statute of limitations in Oregon) (citing Or. Rev. Stat. § 12.110). Further, it is undisputed that plaintiffs moved to amend outside of the statutory limitations period, such that the PAC is timely only if it relates back to the original pleading. Where, as here, "the limitations period derives from state law, [the court must] consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." <u>Butler</u>, 766 F.3d at 1199-1201 (citation omitted).

Page 6 - OPINION AND ORDER

A.   <u>Federal Standard</u>

To relate back under federal law:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice [within 120 days from the filing of the original complaint as prescribed in Fed. R. Civ. P. 4(m) such] that it will not be prejudiced in maintaining its defense; [and] (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.

<u>Schiavone v. Fortune</u>, 477 U.S. 21, 29 (1986); Fed. R. Civ. P. 15(c)(1). Plaintiffs meet the first requirement, as the underlying conduct is the same. At issue is whether the additional defendants received notice within 120 days of the commencement of this lawsuit and whether naming John Does in the complaint was a mistake.

The Court answers both questions in the negative. Beyond merely concluding that listing the names of the additional defendants in the original pleading "put [them] on notice," plaintiffs neglected to provide any argument or evidence regarding the second requirement. Pls.' Reply to Mot. Am. 5; <u>see also Wilkins-Jones v. Cnty. of Alameda</u>, 2012 WL 3116025, *14 (N.D.Cal. July 31, 2012) ("it is Plaintiff's burden to show relation back"). As a result, nothing in the record indicates that the additional defendants had actual or constructive notice. <u>See</u> Defs.' Surreply to Mot. Am. 7 ("no evidence show[s] [that] any of the Additional Individuals have ever seen the original Complaint"); Second Miller Decl. ¶ 7 (defendants' counsel does "not represent any of the

Page 7 - OPINION AND ORDER

Additional Individuals in their individual capacity at this point in time" and "[s]ome Additional Individuals are not even employed by the City any more"); see also Wilkins-Jones, 2012 WL 3116025 at *13 (second requirement of Fed. R. Civ. P. 15(c) was not satisfied where the plaintiff "offers no actual evidence of notice, nor does she offer any authority to support the proposition that it is sufficient to merely show the reasonable likelihood of notice, [n]or does she argue [the existence of a] 'community of interests' [so] as to impute the County's knowledge to the [newly-named] Defendants").

Concerning the third element, plaintiffs cite to Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 539 (2010), in support of the proposition that the PAC is timely. Plaintiffs also contend "that the statute of limitations was tolled for the purposes of 'relation-back' [until they could] determine the role of the individual defendants." Pls.' Mot. Am. 5 (citations omitted). Defendants, in contrast, rely primarily on a recent and directly on-point, but nonetheless unpublished, decision from this District, Hagen v. Williams, 2014 WL 6893708 (D.Or. Dec. 4, 2014), in arguing that plaintiffs did not commit a mistake within the purview of Fed. R. Civ. P. 15(c)(1).

In Krupski, the plaintiff "sought compensation for injuries she suffered on a cruise ship." Krupski, 560 U.S. at 538. She initiated suit against Costs Cruise Lines, whose address was listed

Page 8 - OPINION AND ORDER

on her passenger ticket, even though that ticket also made reference to Costa Crociere. Id. Because Costa Cruise Lines was only the sales and marketing agent for Costa Crociere, the entity that actually owned, chartered, and operated the ship on which she was injured, "Costa Cruise [notified the plaintiff] that Costa Crociere was the proper defendant." Id. After substituting Costa Cruise for Costa Crociere, the district court dismissed the plaintiff's lawsuit on the basis that the amended complaint did not satisfy the requirements of Fed. R. Civ. P. 15. Id. The Eleventh Circuit affirmed, reasoning that the plaintiff "either knew or should have known of Costa Crociere's identity as a potential party because she furnished the ticket identifying it to her counsel well before the limitations period ended." Id. at 539.

The Supreme Court reversed, holding that the third prong of Fed. R. Civ. P. 15(c)(1) "asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." Id. at 548. The plaintiff's "information is relevant only if it bears on the defendant's understanding of whether [it] made a mistake regarding the proper party's identity." Id. at 539. As such, the Supreme Court's analysis presumed the existence of a mistake as to the proper defendant's identity. Id. at 548-49; see also Wilkins-Jones, 2012 WL 3116025 at *16 ("subsequent cases construing Krupski have confirmed that Krupski

Page 9 - OPINION AND ORDER

did not eliminate all inquiries into whether the plaintiff in fact committed a mistake; rather, it simply focused on the standard for the defendants' knowledge of said mistake, assuming such a mistake had occurred") (collecting cases). In other words, Krupski did not involve John Doe pleadings and instead addressed the situation in which a plaintiff knows about two or more possible defendants but misunderstands their roles in the underlying suit.

Here, the record before the Court demonstrates that plaintiffs did not possess an erroneous belief regarding the true identities or roles of the John Doe defendants. See Hagen, 2014 WL 6893708 at *5 ("[m]ost courts have held that substituting a John Doe Defendant with a named Defendant is not correcting a 'mistake' and therefore does not relate back to the original complaint") (collecting cases). Rather, unlike the plaintiff in Krupski, they had adequate knowledge from the outset of this litigation of the additional defendants' participation in the alleged deprivation of their rights.[3] Compl. ¶ 9-10; Second Miller Decl. ¶¶ 4-6.

---

[3] The January 11, 2013, warrant service has been the subject of two previous lawsuits. First, in June 2013, Byers commenced an action in Lane County Circuit Court (In the Matter of Search Warrant Executed at 27259 6th Street, Junction City, OR, Case No. 611300005); he was represented by Marianne Dugan and Brian Michaels, and ultimately "lost that case." Second Miller Decl. ¶ 4. In May 2013, Strong's former attorney filed a complaint in Lane County Circuit Court on behalf of Strong's son, Raymond Munson, alleging 42 U.S.C. § 1983 and state tort claims against Trotter and the City of Eugene (Munson v. City of Eugene, Case No. 12-13-10332); the Munson defendants prevailed on summary judgment in March 2014. Id. at ¶ 5. "Strong's former attorney received discovery, including all of the police reports and

Page 10 - OPINION AND ORDER

Accordingly, because plaintiffs could have named the additional defendants in the original complaint, but chose not to, no mistake transpired within the meaning of Fed. R. Civ. P. 15(c)(1). See Krupski, 560 U.S. at 549 ("making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity"); see also Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1 (2000) ("Adams made no such mistake [within the meaning of Fed.

---

warrant service plans and took the depositions of at least 14 [of the additional defendants]," which she presumably provided to plaintiffs' counsel in this case - i.e. Dugan and Michaels. Id. Regardless, on January 2, 2015, nearly a year after the prior lawsuits were resolved and before the statute of limitations expired, "Dugan ordered and received depositions which were taken in the Munson case [describing] what the [fourteen additional defendants] did and observed." Id. at ¶ 6. There is no indication that plaintiffs obtained any further information relating to the additional defendants' particular conduct between the end of the limitations period and the filing of the present motion. See generally Pls.' Mot. Am.; Pls.' Reply to Mot. Am.; PAC. As such, plaintiffs' contention that they lacked adequate details regarding the additional defendants to name them in the original complaint is belied by the record before the Court. See Defs.' Surreply to Mot. Am. 8 n.2 ("[p]laintiffs claim they do not yet know which specific officers did the handcuffing, property damage or other wrongful acts" but those "questions are answered in the depositions of the Additional Individuals"). Further undercutting plaintiffs' contention is the fact that, identical to the original complaint, the PAC does not specify which allegedly injurious act each additional defendant personally performed. See, e.g., PAC ¶ 10 ("[t]he following allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: [the additional defendants] participated in handcuffing plaintiff Strong, deciding to keep her handcuffed, and/or damaging the personal property of plaintiffs Strong or Byers").

Page 11 - OPINION AND ORDER

R. Civ. P. 15(c) as it] knew of Nelson's role and existence and, until it moved to amend its pleading, chose to assert its claim . . . only against [Nelson's company]"); Wilkins-Jones, 2012 WL 3116025 at *17 ("[t]hat Plaintiff could have also asserted claims against the Corizon Defendants but failed to do so was not an obvious mistake as in Krupski"); Cornwell v. Robinson, 23 F.3d 694, 704-05 (2d Cir. 1994), abrogated in part on other grounds, Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) (amendment to add certain individuals as defendants did not fulfill Fed. R. Civ. P. 15(c)(1) where the original complaint identified those same individuals and their underlying wrongful conduct but neglected to expressly name them as defendants).

Finally, plaintiffs' assertion regarding the tolling of the statute of limitations is without merit. Even assuming that plaintiffs did not have knowledge of the additional defendants' roles until after the limitations period lapsed, the fact remains that "federal law determines when a civil rights claim accrues." Lukovsky v. City & Cnty. of S.F., 535 F.3d 1044, 1048 (9th Cir. 2008), cert. denied, 556 U.S. 1183 (2009) (citation omitted). Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (citation and internal quotations omitted); see also Clavette v. Sweeney, 132 F.Supp.2d 864, 874 (D.Or. 2001) ("[t]he Ninth Circuit has stated repeatedly the

Page 12 - OPINION AND ORDER

plaintiff need not also know the identity of the person who caused the injury" for a claim to accrue under federal law) (citations omitted). For this reason, the precedent that plaintiffs rely on in support of their tolling argument is unpersuasive.[4]

Because the additional defendants had no basis to conclude during the Fed. R. Civ. P. 4(m) period that, but for plaintiffs' mistake, they would have been named as defendants, the PAC does not relate back the original pleading under federal law.

    B.    <u>State Standard</u>

The Oregon rule governing relation back provides that:

> [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date

---

[4] Specifically, the three Oregon cases cited by plaintiffs dealt with the Oregon accrual rule, pursuant to which the defendant's identity is a requisite element. <u>Adams v. Or. State Police</u>, 289 Or. 233, 239, 611 P.2d 1153 (1980); <u>Cole v. Sunnyside Marketplace, LLC</u>, 212 Or.App. 509, 519-21, 160 P.3d 1 (2007), <u>rev. denied</u>, 344 Or. 558, 187 P.3d 219 (2008); <u>Worman v. Columbia Cnty.</u>, 223 Or. App. 223, 228-29, 195 P.3d 414 (2008). The five out-of-circuit cases, in addition to not being binding, involved instances in which the plaintiff was either ignorant of the identify the proper defendant or erroneously named the wrong legal entity; further, more than one of these cases involved pro se litigants, whose pleadings are held to less stringent standards. <u>Lacedra v. Donald W. Wyatt Det. Facility</u>, 334 F.Supp.2d 114, 130-34 (D.R.I. 2004); <u>Ortiz v. Bettancourt-Lebron</u>, 146 F.R.D. 34, 42 (D.P.R. 1992); <u>Blaskiewicz v. Co. of Suffolk</u>, 29 F.Supp.2d 134, 139-40 (E.D.N.Y. 1998); <u>Stone v. Holzberger</u>, 807 F.Supp. 1325, 1333-34 (S.D.Ohio 1992); <u>Simpson v. City of Maple Heights</u>, 720 F.Supp. 1303, 1306 (N.D.Ohio 1988). Lastly, to the extent relevant, the unpublished Ninth Circuit case plaintiffs rely on actually supports defendants' position. <u>Langley v. City of Eugene</u>, 1990 WL 90394, *2 (9th Cir. June 25, 1990).

Page 13 - OPINION AND ORDER

>of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.

Or. R. Civ. P. 23.

As such, the Oregon standard is analogous to the federal standard in this context. See Hagen, 2014 WL 6893708 at *6-7 (replacing John Doe defendants with named individuals via amendment constitutes "a change in parties" under Oregon law) (citations omitted). Therefore, the PAC fails under Oregon law for the same reasons it fails under federal law. Namely, defendants did not receive adequate notice. Moreover, a "lack of knowledge regarding a defendant's identity is not a 'mistake' for purposes of Or. R. Civ. P. 23." Clavette, 132 F.Supp.2d at 876. Regardless, as addressed in section II(A), the record establishes that plaintiffs did, in fact, have sufficient knowledge of the identities and roles of the additional defendants at the time this lawsuit was commenced.

In sum, the PAC does not relate back to the original pleading under state or federal law. As plaintiffs filed the present motion after the running of the two-year statute of limitations, the PAC is untimely and the proposed amendments futile.

Page 14 - OPINION AND ORDER

## CONCLUSION

Plaintiffs' motion to amend the complaint (doc. 16) is DENIED. As a result, plaintiffs' initial complaint (doc. 1) remains the operative pleading in this case.

IT IS SO ORDERED.

Dated this 19 day of May 2015.

_____
Ann Aiken
United States District Judge