UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

REBECCA STRONG, DARRELL LYNN
BYERS, MICHAEL A. YONALLY,
and DONALD L. PETERSON,

Case No. 6:14-cv-01709-AA
OPINION AND ORDER

Plaintiffs,

v.

CITY OF EUGENE, OFFICER SHAWN
R. TROTTER (Badge #334),
SERGEANT WILLIAM SOLESBEE
(Badge #311), DETECTIVE DAVE
BURROUGHS, and JOHN DOES
#1-10,

Defendants.

AIKEN, Judge:

On May 25, 2016, I granted defendants' motion for summary judgment on plaintiffs'

federal claims and dismissed their state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Defendants seek costs in the amount of $3,537.56, reflecting fees paid for depositions and

transcripts obtained in the case. Plaintiffs object.

1    - OPINION AND ORDER

Plaintiffs first argue that the court should not allow costs for depositions taken and transcripts obtained in 2013 and 2014, before this lawsuit was filed. Defendants respond that they anticipated additional litigation at the time of these depositions, because plaintiffs had made legal demands through tort claim notices. Defendants also explain that their utilization of these transcripts streamlined depositions in this action and reduced the need for lengthy or additional depositions. Defendants thus maintain that the depositions and transcripts were "necessarily obtained for use in the case" and properly taxed as costs. 28 U.S.C. § 1920(2).

Given the notice of potential litigation and defendants' use of the deposition transcripts in their motion for summary judgment, I find that these depositions were reasonably necessary at the time they were taken, with one exception. *Nasser v. WhitePages, Inc.*, 2014 WL 1630746, at *6 (W.D. Va. Apr. 24, 2014); *Birkes v. Tillamook Cnty.*, 2013 WL 796650, at *2 (D. Or. Mar. 4, 2013). Defendants did not cite the 2014 Trotter deposition transcript in their motion for summary judgment, and they fail to explain why it was necessary for use in this case. Further, I reduce the costs for the three remaining 2013 and 2014 depositions and transcripts by one-half to account for the fact that they also were obtained for use in a prior litigation.

Plaintiffs also maintain that an award of costs would "chill" civil rights litigation and cause hardship because they have limited incomes. However, the amount of the costs is not high in the context of litigation, and plaintiffs provide no financial affidavits to support their claim of hardship.

Finally, plaintiffs contend that defendants should not recover costs for 2015 deposition transcripts that were not used by them or cited by the court, and that any recoverable costs should be limited to transcript pages actually cited and submitted by defendants. I disagree. The 2015 deposition and transcript costs sought by defendants involved percipient witnesses and were

reasonably necessary to the case. Further, regardless of the transcript pages cited or submitted, defendants incurred the cost of the entire transcript.

Accordingly, defendants' Bill of Costs (doc. 79) is GRANTED, in part. Costs are awarded to defendants in the amount of $2,709.79.

IT IS SO ORDERED.

Dated this ___ day of August, 2016.

Ann Aiken
United States District Judge

3    - OPINION AND ORDER